UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

v.

APPLEGATE HOLDINGS, LLC and
ADVANCE EMPLOYMENT OF
MT. PLEASANT, INC.,

        Defendants.
_____/

Case No. 5:04-CV-167

HON. RICHARD ALAN ENSLEN

**OPINION**

This matter is before the Court on Defendant Advance Employment of Mt. Pleasant, Inc.'s Motion for Summary Judgment. Defendant requests the Court to dismiss class members Michael Mellon and Patrick Bilesner. Defendant requests that all claims of Plaintiff Equal Employment Opportunity Commission be dismissed because Plaintiff failed to comply with its statutory obligation to conciliate prior to filing this lawsuit. (Def.'s Mot. at 2.)

**I.    Background**

This suit arises out of a charge of discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3) and 42 U.S.C. § 2000e-6(e). On December 18, 2003, Bonnie Tracy filed charges against Defendants Applegate Holdings, LLC ("Applegate") and Advance Employment ("Advance") as joint employers. (Def.'s Br., Ex. 10.) On March 9, 2004, Plaintiff sent a letter to Defendants' Attorney, Timothy Young, requesting additional information. (Def.'s Ex. 2.) Young responded to Plaintiff on behalf of both Defendants on March 25, 2004. (*Id.*)

On August 18, 2004, after a nine-month investigation, Plaintiff sent a letter to Defendants Advance and Applegate which outlined the findings of its investigation. (Def.'s Br., Ex. 1.) Defendant Applegate responded with a letter dated August 23 and 24, 2004.[1] (Def.'s Br., Ex. 5.) The letter set forth additional information Defendants believed was pertinent to Plaintiff's investigation and attempted to address the concerns expressed in Plaintiff's preceding letter. (*Id.*)

On August 26, 2004, Plaintiff sent a letter to Defendants Advance and Applegate attempting to conciliate. (Def.'s Br., Ex. 1.) Plaintiff attached a Determination of its investigation and a proposed Conciliation Agreement. (*Id.*) The proposed Conciliation Agreement requested the following relief: reinstatement of the charging party, back pay to the charging party in the amount of $65,000.00, credit of seniority to charging party as though there had been no break in service, $300,000.00 in damages, and restoration of any benefits charging party may have lost. The proposed Conciliation Agreement also requested the development and implementation of a policy of non-discrimination, training in EEO laws for all employees and managers, the removal of the obligation placed on employees to resolve all questions of employment discrimination through arbitration only, and the cessation of Defendants' distribution of religious materials in the conduct of its business. In the August 26, 2004, letter, Plaintiff also requested Defendants, if they wished, to make a "specific counter offer, in writing" and respond within five days. (*Id.*)

On September 1, 2004, attorney Young responded requesting additional time to respond because the principal for Applegate was out of the country and was expected to return on

---

[1] The Letter is dated August 23, 2004. However, the header on each page of the letter indicates that the letter was drafted August 24, 2004.

September 3, 2004. (Def.'s Br., Ex. 7.) The letter did not mention Defendant Advance. On September 17, 2004, Plaintiff sent Defendant Advance a letter stating its determination that efforts to conciliate have been unsuccessful and that no further efforts will be made. (Def.'s Br., Ex. 8.) This suit was filed on September 30, 2004.

## II.     Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact. The party moving for summary judgment bears the initial burden of specifying the basis on which summary judgment should be granted and identifying portions of the record which demonstrate the absence of a genuine issue of material fact. *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 800 (6th Cir. 1994) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). Once this initial burden is met, the non-moving party has the burden of presenting specific facts, supported by the record, showing a genuine issue of material fact. *Bill Call Ford, Inc. v. Ford Motor Co.*, 48 F.3d 201, 205 (6th Cir. 1995) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

**III.   Analysis**

A.  Notice

Timely filing of an Equal Employment Opportunity Commission ("EEOC") complaint is a prerequisite to filing a suit pursuant to Title VII. 42 U.S.C. § 2000e-5(e). "The purpose of the Title VII filing requirement is to give notice of potential Title VII liability to an alleged wrongdoer and to allow the EEOC to attempt to conciliate with the wrongdoer rather than go to court." *E.E.O.C. v. Wilson Metal Casket Co.*, 24 F.3d 836, 839 (6th Cir. 1994). In *Wilson Metal*, the Sixth Circuit Court of Appeals adopted the "single filing rule," which recognizes an exception to the EEOC filing requirement. *Id*. The Sixth Circuit held that "where a substantially related non-filed claim arises out of the same time frame as a timely filed claim, the complainant need not satisfy Title VII's filing requirement to recover." *Id.* at 840 (citing *Ezell v. Mobile Housing Bd.*, 709 F.2d 1376, 1381 (11th Cir. 1983)). In *Howlett v. Holiday Inns, Inc.*, 49 F.3d 189 (6th Cir. 1995), the Sixth Circuit further held that "a charge will be adequate to support piggybacking under the single filing rule if it contains sufficient information to notify prospective defendants of their potential liability and permit the EEOC to attempt informal conciliation of the claims before a lawsuit if filed." *Id.* at 195. The Sixth Circuit continued by holding that whether the administrative charge will suffice depends "to a large degree on the type of work unit involved." *Id.* It is more likely that the charge will suffice if the unit is of a "modest size." *Id.* Here, Bonnie Tracy filed a charge against both Defendants Applegate and Advance alleging discrimination based on her sex and religion. (Def.'s Br., Ex. 10.) There is no indication from the pleadings as to the size of the work unit involved.

Upon review, the Court finds it would be improper to dismiss the claims as to "others similarly situated" on the present record. The present record does not indicate the nature of the work unit and which employees were similarly situated to Bonnie Tracy at the time of the alleged discrimination. The Court does intend to limit testimony at trial to others similarly situated whose claims arose out of the same discriminatory treatment and during the same time period of Tracy's charged discrimination. These determinations, though, must be reserved for later findings upon a more complete record.

### B. Conciliation

After determining that reasonable cause exists for a discrimination claim, the EEOC must attempt to conciliate the claim with the employer prior to bringing a suit against the employer in district court. "Only after the EEOC is unable to obtain an acceptable conciliation agreement from the employer may the agency file suit in court." *See EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1101 (6th Cir. 1984) (citing 42 U.S.C. §§ 2000e-5(b), (f)). The Sixth Circuit held in *Keco* that the district court should only determine whether the EEOC made a good faith attempt at conciliation, not whether the district court is satisfied with the substance of the attempts at conciliation. *See Keco*, 748 F.2d at 1102.

Upon review, the Court finds that Plaintiff attempted to conciliate with Defendant Advance as to Bonnie Tracy. Plaintiff sent Defendant Advance a letter with attached determination and proposed Conciliation Agreement, to which Defendant Advance did not respond. The Sixth Circuit held that "once the employer rejects the conciliation attempts, the EEOC is free to file suit under Title VII." *Keco*, 748 F.2d at 1102. The record and, in

particular, attorney Young's letter of September 1, 2004, does not indicate that Defendant Advance even responded to Plaintiff's attempt to conciliate.  Additionally, this suit was not filed until September 30, 2004, approximately a month after Plaintiff attempted conciliation and allowed Defendant Advance more than the additional time requested on behalf of Defendant Applegate to respond to Plaintiff's conciliation attempt.

Defendant Advance also requests the Court to bar Plaintiff's recovery of damages as to the class of individuals because Plaintiff failed to specifically attempt conciliation as to the class of individuals.  It is unclear from the record whether conciliation was attempted on behalf of "others similarly situated."  Damages as to the class were not specifically outlined in the relief section of the proposed Conciliation Agreement.  However, the agreement did provide that "the rigths of all unlocated persons entitled to specific relief as provided for under the terms of this Agreement are preserved."  (Agreement at 1.)  Furthermore, Plaintiff is not required to name the specific class members if Defendant could have "reasonably surmised" who the class would include - in this case, female employees and employees who were not members of Terry Applegate's church.  *See EEOC v. Dial Corp.*, 156 F. Supp. 2d 926, 942 (N.D. Ill. 2001).  Therefore, the Court reserves determination of whether good faith conciliation was attempted by the Plaintiff on behalf of the "others similarly situated."

### C.  Patrick Bliesner and Michael Mellon

Defendant Advance requests the Court to dismiss the claims of Patrick Bliesner and Michael Mellon. (Def.'s Br. at 7.)  As to Patrick Bliesner, Plaintiff indicates it will not be

6

pursuing a claim on his behalf. (Pl.'s Br. at 6.) Therefore, the Court will dismiss the claims of Patrick Bliesner.

As to Michael Mellon, Plaintiff concedes that Defendant Advance is not liable for damages to Mellon. Therefore, the Court will dismiss the claims of Michael Mellon as to Defendant Advance only. The Court reserves determination of Mellon's claims against Defendant Applegate.

## IV. Conclusion

For the above reasons, Defendant's Motion for summary judgment will be granted in part and denied in part.

An Order and Partial Judgment in accordance with this Opinion shall issue.

                                        /s/ Richard Alan Enslen

DATED in Kalamazoo, MI:          RICHARD ALAN ENSLEN
        May 19, 2005            UNITED STATES DISTRICT JUDGE