UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
)
Plaintiff, ) Case No. 5:04-CV-167
)
vs. ) HONORABLE
) RICHARD ALAN ENSLEN
APPLEGATE HOLDINGS LLC, et al )
)
Defendants. )
)
_____)

## CONSENT DECREE

1. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission") commenced this action on September 29, 2004 in the United States District Court for the Western District of Michigan, alleging that the Defendants, Applegate Holdings, LLC ("Applegate") and Advance Employment of Mt. Pleasant ("Advance") discriminated against Bonnie Tracy and other similarly situated individuals because of their religion and sex, and subjected Tracy and others similarly situated to unwelcome and offensive religious based materials, and otherwise harassing them based on religion.

2. As a result of settlement discussions, the Commission, Applegate and Advance have resolved their differences and have agreed that this action should be settled by entry of this Consent Decree. It is the intent of the parties that this Consent Decree be a final and binding settlement in full disposition of any and all claims alleged or which could have been alleged in the Complaint and Amended Complaint against Applegate and Advance or in the Charge of Discrimination filed by Tracy, Charge No. 230-2004-00602.

## STIPULATED FACTS

3. The Commission is the agency of the United States government authorized by the ADA to investigate allegations of unlawful employment discrimination based upon disability, to bring civil actions to prohibit unlawful employment practices, and to seek relief for individuals affected by such practices.

4. Applegate is an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b) (g) and (h) of Title VII, 42 U.S.C. § 2000e (b) (g) and (h). Applegate continuously had at least 15 employees during the relevant period of time.

5. Advance is an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b) (g) and (h) of Title VII, 42 U.S.C. § 2000e (b) (g) and (h). Advance had at least 15 employees during the relevant period of time.

6. The parties acknowledge the jurisdiction of the United States District Court for the Western District of Michigan (Southern Division) over the subject matter and parties to this case for the purpose of entering this Decree, and if necessary, enforcing the provisions of this Decree.

7. Venue is appropriate in the Western District of Michigan (Southern Division). For purposes of this Decree and proceedings related to this Decree only, Applegate and Advance agree that all statutory conditions precedent to the institution of this lawsuit against them have been fulfilled.

## FINDINGS

8. Having examined the terms and provisions of the Consent Decree and based on the pleadings, records, and stipulations of the parties, the Court finds the following:

a. The Court has jurisdiction over the subject matter of this action against Applegate and Advance;

b. The terms and provisions of this Consent Decree are fair, reasonable and just. The rights of Applegate, Advance, the Commission, and those for whom the Commission seeks relief are adequately protected by this Decree;

c. The Consent Decree conforms with the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights and privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interest of the parties and those for whom the Commission seeks relief

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

**NON-ADMISSION**

9. This Decree, being entered with the consent of the Commission, Applegate and Advance, shall not constitute an adjudication or finding on the merits of this case and shall not be construed as an admission by Applegate or Advance of any violation of Title VII or, any other law, rule or regulation dealing with or in connection with equal employment opportunity.

**NON-DISCRIMINATION**

10. Applegate, its officers, agents, employees, successors, assigns and all persons in active concert or participation with them or any of them shall comply with the provisions of Title VII, *42 U.S.C. §2000e et seq.,* with regard to religious and sex discrimination.

11. Advance, its officers, agents, employees, successors, assigns and all persons in active concert or participation with them or any of them shall comply with the provisions of Title VII, *42 U.S.C. §2000e et seq.,* with regard to religious and sex discrimination.

## NON-RETALIATION

12.     Applegate shall not take any action against any person which constitutes intimidation, retaliation, harassment, or interference with the exercise of such person's rights under Title VII because of the filing of Charge of Discrimination by Bonnie Tracy, which forms the basis for the present case, or because such person gave testimony or assistance or participated in any manner in any investigation or proceeding in connection with this case under Title VII.

13.     Advance shall not take any action against any person which constitutes intimidation, retaliation, harassment, or interference with the exercise of such person's rights under Title VII because of the filing of Charge of Discrimination by Bonnie Tracy, which forms the basis for the present case, or because such person gave testimony or assistance or participated in any manner in any investigation or proceeding in connection with this case under Title VII.

## MONETARY COMPENSATION

14.     Defendant, Applegate, or its insurance carrier, will pay the total sum of One Hundred Thirty Thousand and 00/100 Dollars ($130,000.00) as compensatory damages to the class. The Commission will provide Applegate with a list of the class plaintiffs and the amounts to be paid to each individual, the sum of which will equal One Hundred Thirty Thousand Dollars ($130,000.00). The amounts paid as compensatory damages shall not be subject to withholding taxes, but Applegate shall issue a Form 1099 to each claimant for tax purposes. The monetary damages referenced in this paragraph shall be paid no later than thirty (30) days following entry of the Decree, via certified Mail. Copies of the checks shall be sent to the Commission.

## TRAINING AND/OR EDUCATIONAL PROGRAMS

15.     Applegate agrees that it will provide a mandatory training program to all

employees, management and supervisory personnel, and owners which will be conducted by an agreed upon organization. The trainer will be selected by Applegate with the EEOC's approval, but the EEOC will not unreasonably withhold its approval. Said training will focus on the requirements of the federal equal employment opportunity laws, including discrimination based on religion and sex. This training will take place within one hundred and twenty (120) days of the date of entry of this decree. Employee shall also be trained on the entire harassment policy and will be provided with the number of individuals to whom they can complain about harassment. Defendant shall submit to the EEOC a list with names of all persons trained, and the date the training took place.

16. Advance agrees that it will provide a mandatory training program to all managers, supervisors and owners, which will be conducted by an agreed organization. Said training will focus on the requirements of the federal equal employment opportunity laws, including discrimination based on religion and sex. The trainer will be selected by Advance with the EEOC's approval, but the EEOC will not unreasonably withhold its approval. This training will take place within one hundred and twenty (120) days of the date of entry of this decree. Defendant shall submit to the EEOC a list with the names of all persons trained, and the date the training took place.

### OTHER EQUITABLE AND INJUNCTIVE RELIEF

17. Advance agrees that it will not disseminate to employees any unsolicited material promulgating a religious viewpoint in a method or manner that requires an employee to read or review the material. This prohibition covers including material promulgating a religious viewpoint with work-related materials such as payroll checks, benefits information, or employment policies.

18. Advance shall devise its own anti-discrimination policy which sets forth a clear procedure for employees to make complaints of discrimination. The anti-discrimination policy will be distributed to all employees with the name and number of the independent investigator.

19. Advance shall develop an anti-discrimination policy which clearly states that Advance does not tolerate discrimination of any kind by its clients. This policy shall be distributed to each client contracted with Advance. The policy shall also set forth a procedure for employees to make complaints about discrimination directly to a management official at Advance. The policy shall also set forth a procedure for investigating complaints of discrimination. Advance shall also distribute the policy to all employees working for Advance's business clients such as Applegate Holdings.

20. Advance shall investigate any complaint of discrimination. In the event that discrimination occurred on the part of a client, Advance shall notify the client that it should immediately stop the discrimination.

## POSTING OF NOTICE

21. Advance agrees that it shall post a copy of the Notice attached as Exhibit A in a conspicuous location at all of its Michigan facilities where employee notices are posted. The notice shall be posted for two (2) years from the date the Consent Decree is entered by the Court. Should the posted notice become defaced, marred or otherwise made unreadable, Applegate agrees to post a readable copy of the notice as soon as practical thereafter.

22. Advance agrees that it shall post a copy of the Notice attached as Exhibit B in a conspicuous location at all of its Michigan facilities where employee notices are posted. The notice shall be posted for two (2) years from the date the Consent Decree is entered by the Court. Should

the posted notice become defaced, marred or otherwise made unreadable, Advance agrees to post a readable copy of the notice as soon as practical thereafter.

## DURATION

23. This Consent Decree shall remain in effect for two (2) years from the date it is entered, and the Court shall retain jurisdiction of this action during the duration of this Decree to enforce compliance with the Decree.

## REPORTING

24. Within four months after entry of this decree, the Defendants shall submit to the Commission a report of the steps it has taken to comply with this decree. The Defendant's report pursuant to this paragraph shall be submitted to: Adele Rapport, Regional Attorney, EEOC, Detroit District Office, 477 Michigan Avenue, Suite 865, Patrick V. McNamara Building, Detroit, Michigan 48226.

## DISPUTE RESOLUTION AND COMPLIANCE

25. The Court will have all available equitable powers, including injunctive relief, to enforce this Decree. Upon motion of any party, the Court may schedule a hearing for the purpose of reviewing any party's compliance with this Decree and/or ordering appropriate relief to determine whether the parties have complied with the terms of this Decree. Prior to seeking review by the Court, the parties shall engage in a good faith effort to resolve any dispute concerning compliance with the Decree. Any party seeking court review of a matter shall be required to give ten (10) days notice to the other parties before moving for such review.

## COURT COSTS AND ATTORNEY FEES

26. Each party shall bear its own court costs and attorney fees.

## MISCELLANEOUS

27. If any provision(s) of this Agreement is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in fall force and effect.

28. The terms of this Decree shall be binding upon the present and future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives, and assigns of Applegate.

29. The terms of this Decree shall be binding upon the present and future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives, and assigns of Advance.

30. This Agreement constitutes the entire agreement and commitments of the parties. Any modifications to this Decree must be mutually agreed upon and memorialized in a writing signed by Applegate, and the Commission.

31. When this Decree requires or permits the submission any documents by Applegate and/or Visteon to the Commission, if not otherwise indicated in the Decree, they shall be mailed to Adele Rapport, Regional Attorney, EEOC, Detroit District Office, Patrick V. McNamara Federal Building, 477 Michigan Avenue, Room 865, Detroit, MI 48226.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

JAMES LEE
Deputy General Counsel

APPLEGATE HOLDINGS, LLC

Karen Berkery
Kitch Drutchas Wagner DeNardis &
Valitutti
Attorneys for Defendant Applegate
One Woodward Ave., 10th Floor
Detroit, MI 48226

*/s/ Adele Rapport*
ADELE RAPPORT
Regional Attorney

ROBERT K. DAWKINS
Supervisory Trial Attorney

TRINA R. MENGESHA
Senior Trial Attorney
Attorneys for Plaintiff

Detroit District Office
Patrick V. McNamara Federal Building
477 Michigan Ave., Room 865
Detroit, MI 48226

ADVANCE EMPLOYMENT OF MT. PLEASANT

*/s/ Charles Behler*
Charles Behler
Smith Haughey Rice & Roegge
200 Calder Plaza Bldg.
250 Monroe Avenue, N.W.
Grand Rapids, MI 49503
Attorneys for Advance

## EXHIBIT A

### NOTICE

This notice is being posted as part of the remedy agreed to by the United States Equal Employment Opportunity Commission and Applegate Holdings, LLC pursuant to a Consent Decree, and to inform you of your rights guaranteed by the federal law under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.* ("Title VII"). Title VII prohibits discrimination against any employee on the basis of race, sex, color, national origin, religion and retaliation with regard to any term or condition of employment including hiring, layoff, recall, promotion, discharge, pay and fringe benefits or in retaliation for the opposition to unlawful employment practices.

The United States Equal Employment Opportunity Commission is the federal agency which investigates charges of unlawful employment discrimination and, if necessary, brings lawsuits in federal court to enforce Title VII.

Applegate Holdings LLC supports and will comply with this federal law in all respects.

Dated: _____                              _____
                                                                                APPLEGATE HOLDINGS, LLC

## EXHIBIT B

    This notice is being posted as part of the remedy agreed to by the United States Equal Employment Opportunity Commission and Advance Employment of Mt. Pleasant pursuant to a Consent Decree, and to inform you of your rights guaranteed by the federal law under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.* ("Title VII"). Title VII prohibits discrimination against any employee on the basis of race, sex, color, national origin, religion and retaliation with regard to any term or condition of employment including hiring, layoff, recall, promotion, discharge, pay and fringe benefits or in retaliation for the opposition to unlawful employment practices.

    The United States Equal Employment Opportunity Commission is the federal agency which investigates charges of unlawful employment discrimination and, if necessary, brings lawsuits in federal court to enforce Title VII.

    Advance Employment of Mt. Pleasant supports and will comply with this federal law in all respects.

Dated: _____                      _____
                                                                         ADVANCE EMPLOYMENT OF
                                                                         MT. PLEASANT